IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SCOTT JONES,

  Petitioner,          No. C 04-02105 JSW

 v.

JOSE SOLIS, Warden,        **ORDER DENYING MOTION FOR RECONSIDERATION**

  Respondent.
               /

   Now before the Court is the motion for reconsideration filed by Petitioner Michael Scott Jones. The motion is improperly filed. First, no party may notice a motion for reconsideration without first obtaining leave of Court to file the motion. Civil L.R. 7-9(a). Second, the Court may grant leave to file a motion for reconsideration of any interlocutory order, before the entry of judgment. *Id.* Petitioner impermissibly seeks reconsideration of a final judgment adjudicating all of the claims and the rights and liabilities of the parties in this matter. Lastly, a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. Civil L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. Civil L.R. 7-9(c).

1   Petitioner's motion is procedurally improper both because he filed to seek leave of Court
2   to file the motion and because it seeks reconsideration of a final judgment.  Further, the
3   arguments contained in the motion were previously asserted to the Court and considered.  On
4   these bases, the motion is DENIED.[1]

**IT IS SO ORDERED.**

Dated:  May 10, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Counsel for Petitioner should also be aware that, notwithstanding the length of his submissions to this Court, he should diligently comply with General Order 45, VI. G, as well as this Court's Standing Order ¶ 4.  Both orders require that in addition to filing papers electronically or manually, the parties are required to lodge for chambers a paper copy of any document filed no later than noon on the following business day.

2